## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-14308-CIV-MARTINEZ/MAYNARD

**BASF CORPORATION,**

     **Plaintiff,**

**v.**

**WORLD CLASS COLLISION, LLC,**

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a Motion for Default Judgment and Memorandum of Law in Support filed by Plaintiff BASF Corporation ("BASF").  DE 14.  No response in opposition has been timely filed.  All matters relating to this Motion have been referred to me for appropriate disposition by presiding U.S. District Judge Jose E. Martinez.  DE 15.  Having carefully reviewed the record and being otherwise fully advised, I respectfully **RECOMMEND** that BASF's Motion be **GRANTED** for the reasons set forth below.

### FACTUAL BACKGROUND

This case stems from a contract between the parties related to the purchase of automotive refinish products.  *See generally* DE 1.   Plaintiff is a Delaware corporation with its principal place of business in New Jersey.  DE 1 at  ¶ 1.  Plaintiff sells aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "BASF Refinish Products").  *Id.* at  ¶ 4.  Defendant World Class Collision, LLC ("WCC") is a

Florida limited liability company operating as a body shop engaged in the business of refinishing and repainting vehicles. *Id.* at ¶ 5.

On October 6, 2017, Plaintiff and Defendant entered into a Requirements Agreement according to which Defendant was obligated to purchase at least $500,000.00 ("Minimum Purchases") of BASF Refinish Products. *Id.* at ¶ 10. The fully-executed Requirements Agreement is attached to the Complaint. *Id.* at pp. 10-13. Under paragraph 3 of the Requirements Agreement, Plaintiff agreed to pay Defendant $60,000.00 ("Contract Fulfillment Consideration") in consideration of Defendant fulfilling its commitments under the Requirements Agreement. *Id.* at ¶ 11. If the Requirements Agreement was terminated for any reason prior to Defendant satisfying the minimum purchase requirement, then Defendant was required to refund the $60,000.00 according to the following schedule contained within the Agreement:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

*Id.*

In December 2019, Defendant closed its business and, without any justification, did not purchase any other BASF Refinish Products to fulfill its minimum purchase requirement. *Id.* at ¶ 13. Thus, Defendant breached the Requirements Agreement. *Id.* At the time of Defendant's

breach, Defendant had only purchased $54,959.20 of BASF Refinish Products. *Id.* at ¶ 14. This purchase amount is less than one-fifth of the minimum purchase requirement leaving a balance of $445,040.80 due and owing under the Requirements Agreement. *Id.* Thus, under the Agreement's terms, Defendant was required to refund 110% of the $60,000.00, totaling $66,000.00. *Id.*

On May 11, 2020, Plaintiff sent a letter to Defendant stating that Defendant was in breach of its contractual obligations under the Requirements Agreement. DE 1 at ¶ 17. In this two-page letter, which is attached to the Complaint, Plaintiff demanded $66,000.00 for amounts owed "as a result of [Defendant's] unilateral termination of the Requirements Agreement dated October 6, 2017, and [Defendant's] failure to honor its contractual obligations to [Plaintiff]" under the Requirements Agreement. *Id.* at ¶ 17, pp. 15-16. Moreover, in the letter, Plaintiff notified Defendant that it would refer the matter to litigation and seek "all damages to which [Plaintiff] is entitled, for payment of the $66,000.00 and lost profits, resulting from [Defendant's] breach of the Requirements Agreement." *Id.*

To date, Defendant has not appeared despite being duly served at its registered place of business. *Id.* at ¶ 3; DE 9.

## PROCEDURAL BACKGROUND

On July 30, 2021, Plaintiff filed its three-count Complaint against Defendant alleging (1) breach of contract, (2) unjust enrichment, and (3) seeking a judicial declaration of the parties' rights under the operative contract. DE 1.

According to an Affidavit of Service filed in the record, , Defendant was served with the Summons, the Complaint, the Civil Cover Sheet, and a Rule 7.1 Disclosure Statement on November 19, 2021. DE 9 at 4. Service was accomplished by hand-delivering a true copy of these documents to Defendant's corporate registered agent. *Id.*

On December 13, 2021, the presiding U.S. District Judge *sua sponte* ordered the Clerk of Court to enter default against Defendant based upon Defendant's failure to timely answer or otherwise respond to Plaintiff's Complaint. DE 10. That same day, a clerk's default was entered against Defendant. DE 11.

On January 3, 2022, following the entry of a clerk's default and pursuant to a related Order on Final Default Judgment Procedure, Plaintiff filed the instant Motion seeking a final default judgment against Defendant in the total amount of $511,040.80 plus $982.00 in costs. DE 12, DE 14 at 9. In support of its Motion, Plaintiff attached the signed, sworn declarations of (1) Plaintiff's East Zone Manager, Nicholas Maloof, and (2) Plaintiff's attorney of record, Daniel C. Johnson. DE 14-1, DE 14-2.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that a defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (internal quotation omitted)).

A court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment under Rule 55(b). *See U.S. v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). "While a complaint . . . does not need detailed

factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the admitted facts are sufficient to establish liability, the court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Here, Plaintiff seeks a final default judgment because, after properly serving Defendant with a summons and a complaint on November 19, 2021, Defendant failed to plead or defend this action brought against them. DE 9, DE 14. Plaintiff seeks $511,040.80 in actual damages plus $982.00 in taxable costs.

Below, I will discuss Defendant's liability to Plaintiff for purposes of entering final default judgment before turning to the matter of final damages sought.

## A.     Liability - Breach of Contract

Paragraph 7 of the Requirements Agreement contains a governing law provision stating that "[t]his Agreement and performance or non-performance hereunder shall be governed by and construed under the laws of the State of Michigan without regard to principles of conflicts of law." DE 1 at p. 12. Thus, Michigan law governs Plaintiff's claims.

To establish a claim for breach of contract under Michigan law, Plaintiff must show that: (1) the parties are competent to contract, (2) there is a proper subject matter, (3) a bargain of exchange was formed, (4) a mutual assent of agreement existed, (5) and a mutual assent of obligation existed. *Hess v. Cannon Township*, 265 Mich. App. 582, 696 N.W.2d 742, 748 (2005) (internal citations omitted).

Here, Plaintiff alleges a relatively straightforward breach-of-contract claim. Plaintiff asserts that Defendant breached an enforceable contract (the Requirements Agreement) with Plaintiff whereby Defendant agreed to purchase at least $500,000.00 in BASF Refinish Products. DE 1 at ¶ 10-11. Plaintiff also agreed to, and did, pay $60,000.00 in consideration of Defendant fulfilling all of its obligations under the Requirements Agreement. *Id.* Plaintiff has stated a well-pleaded claim for breach of contract and has provided affidavits sufficiently detailing each requisite element of that claim. DE 1 at pp. 10-13, *Id.* at 15, DE 14-1 at pp. 2-4.

First, Plaintiff has shown that both parties were competent by providing the signed contract. DE 1 at pp. 10-13. Defendant is a competent member-managed limited liability company. *Id.* at ¶ 3. Kuldeep Bissember, titled as "Member" of Defendant's company, signed the Requirements Agreement on October 6, 2017. *Id.* at 13. A Regional Business Manager for Plaintiff also executed the Requirements Agreement. *Id.* Plaintiff is a competent party since it is a corporation engaged in the business of reselling BASF Refinish Products to distributors. *Id.* at ¶ 4.

Second, Plaintiff has shown a proper subject matter because the Requirements Agreement states that Plaintiff would sell BASF Refinish Products to Defendant in exchange for Defendant purchasing at least $500,000.00 in such products. *Id.* at ¶ 10.

Third, Plaintiff has also demonstrated legal consideration. The Requirements Agreement states that Plaintiff agreed to pay $60,000.00 and sell Refinish Products in exchange for Defendant's minimum purchase of $500,00.00. *Id.* at 10-11. In his sworn declaration, Mr. Maloof attests that Plaintiff paid Defendant this consideration amount of $60,000.00. DE 14-1 at ¶ 4. Plaintiff has also provided a letter demonstrating that Plaintiff sent the $60,000.00 and demanded refund of 110% of this amount based on Defendant's material breach of the contract. DE 1 at 15-16.

Lastly, the executed contract shows a mutuality of agreement and obligation because the Requirements Agreement states that it will not commence until there is written consent from both parties. *Id.* at 13. Mr. Bissember and the Regional Business Manager of Plaintiff's company signed the contract which shows a mutuality of agreement and obligation. *Id.*

The above facts, which must be taken as true given Defendant's default, are sufficient to establish the existence of a valid contract between Plaintiff and Defendant. Plaintiff has also sufficiently established that Defendant breached its obligations under the Requirements Agreement by failing to fulfill its contractually-mandated minimum purchase amount of $500,000.00 in BASF Refinish Products and refusing to refund the $66,000.00 (110% of the $60,000.00). *Id.* at ¶ 18. Mr. Maloof attests that Defendant only ever purchased $54,959.20 worth of product, leaving a balance of $445,040.80. DE 14-1 at ¶ 7. Therefore, Plaintiff alleges damages of $511,040.80 ($445,040.80 plus $66,000.00) due and owing under the terms of the Requirements Agreement. *Id.* at ¶ 10. Based on the foregoing, I find that the complaint sufficiently alleges a breach of contract claim under Michigan law for purposes of establishing liability.

**B.    Liability – Unjust Enrichment**

To establish a claim for unjust enrichment Plaintiff must show that: (1) the defendant received a benefit from the plaintiff and (2) unfairness to plaintiff resulted from defendant's retention of benefit received. *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 643 (E.D. Mich. 2017).

Here, Defendant is alleged to have been unjustly enriched by the Plaintiff. Plaintiff conferred a benefit by tendering $60,000.00 to Defendant at the outset of the Requirements Agreement. DE 1 at ¶ 11, DE 14-1 at ¶ 4. Unfairness resulted because Defendant retained the $60,000.00 despite not fulfilling its minimum purchase requirement under the contract. *Id.* Plaintiff asserts that it paid Defendant $60,000.00 within forty-five (45) days of October 6, 2017

as required under the Requirements Agreement.  DE 1 at 10.  On May 11, 2020, Plaintiff sent a demand letter addressed to Mr. Bissember, which demanded that Defendant pay $66,000.00 as a result of Defendant's "unilateral termination of the Requirements Agreement . . . and . . . failure to honor its contractual obligations to [Plaintiff]." *Id.* at ¶ 17, pp. 15-16.  Defendant purchased only $54,959.20 of product and has kept $60,000.00 which is more than what was spent on buying BASF Refinish Products. *Id.* at ¶ 14, DE 14-1 at ¶ 7.  Accordingly, insofar as liability is concerned, the complaint sufficiently alleges an unjust enrichment claim under Michigan law.

## C.    Damages

"If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount." *Fernandez de Cordoba*, 2018 WL 1811945 at *5 (S.D. Fla. Feb. 9, 2018).  "Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested." *Id.*; *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should take place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  "In issuing a default judgment, a court may award damages without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation, as long as all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005).  "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, *i.e.,* from a pleaded agreement between the parties, by an arithmetical calculation or by application of

definite rules of law." *Bowman*, 432 So. 2d at 662. Damages are unliquidated if testimony is required to ascertain facts upon which to base a value judgment of the exact sum. *Id.* at 663. Costs of collection and attorney's fees are normally unliquidated. *Id.*

Here, an evidentiary hearing is not required because the record adequately reflects the basis for Plaintiff's requested damage award. Plaintiff's damage calculations are well-organized, supported by record evidence, and adequate for Rule 55 purposes. Plaintiff seeks $511,040.80 in actual damages. Plaintiff calculates this amount as follows:

| | |
|---|---|
| Remaining Balance of Minimum Purchase Requirement | $445,040.80 |
| Contract Fulfillment Consideration Refund | $66,000.00 |
| Total | $511,040.80 |

DE 14 at 9, DE 14-1 at 4.

First, I recommend awarding $445,040.80, which represents the remaining balance of the agreed minimum purchase requirement of $500,000.00. The governing contract plainly states, "During this Term of this Agreement, [Defendant] BODY SHOP shall, and shall cause each of its Controlled Businesses to purchase from an authorized BASF distributor one hundred percent (100%) of their Refinish Products requirements for the Business specifying only BASF Glassurit and RM brand products." DE 1 at 10. Accepting as established Plaintiff's well-pleaded allegations of fact, Defendant failed to purchase at least $500,000.00 of BASF Refinish Products. Defendant had purchased only $54,959.20 in BASF Refinish Products before breaching the contract. *Id.* at ¶ 14, DE 14-1 at ¶ 7. Therefore, Defendant's breach of contract requires the Defendant to pay the remaining balance of the $500,000.00 minimum purchase requirement, which totals $445,040.80.

Second, I recommend awarding $66,000.00, which is 110% of the $60,000.00 Plaintiff tendered to Defendant as consideration. This is in accordance with an agreed-upon schedule

contained within the contract.  If the Requirements Agreement was terminated for any reason prior to purchasing $500,000.00 in BASF Refinish Products, Defendant agreed to refund the $60,000.00 according to the schedule.  DE 1 at pp. 10-11.  Defendant purchased $54,959.20 (less than one-fifth of the minimum purchase requirement).  *Id.*  Therefore, according to the plain terms of the contract, Defendant owes 110% of the $60,000.00 to Plaintiff, totaling $66,000.00.  *Id.*

**D.  Costs**

In addition to actual damages, Plaintiff seeks $982.00 in costs.  An entry of default judgment establishes Plaintiff as the prevailing party and Plaintiff is thus entitled to recover costs under 28 U.S.C. § 1920.  *Maersk Line A/S v. Rapid Tow, LLC*, No. 19-23585-CIV-Williams/Torres, 2019 WL 11506029, at *3 (S.D. Fla. Dec. 13, 2019), report and recommendation adopted, 2020 WL 7492336 (S.D. Fla. Jan. 8, 2020) (citations omitted).  These costs may include any of the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in case;
> (5) Docket fees under § 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff seeks to recover (1) $402.00 of the clerk's filing fee for filing the Complaint; (2) $580.00 in service of process fees. These costs are recoverable under §1920.  Plaintiff has submitted supporting affidavit evidence, receipts, and invoices in support of its request for costs. DE 14-2 at 29-30.  Given the unrebutted evidence establishing the amount of recoverable costs, I recommend that Plaintiff be awarded $982.00 in costs.

## CONCLUSION

Consistent with the foregoing, I respectfully **RECOMMEND** to the District Court that Plaintiff's Motion for Default Judgment and Memorandum of Law in Support [DE 14] be **GRANTED** and that a final default judgment be entered in BASF's favor.   I further **RECOMMEND** that BASF be **AWARDED** a total damages amount of $512,022.80 (comprised of $511,040.80 in actual damages plus $982.00 in costs).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez.   Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.   *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 7th day of June, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE